UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

CLEORE BEAUVARLET,
individually,

    Plaintiff,

v.

TARGET CORPORATION,
a foreign corporation,

    Defendant.
_____/

## TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION ("Target"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Honorable Court the action, Case No. 2020-027911-CA-01, filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.   BACKGROUND

1. On or about December 30, 2020, Plaintiff commenced the instant action by filing a Complaint ("Complaint") in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Complaint, attached as **Exhibit "A."**

2. Plaintiff's Complaint was served on Target via its Registered Agent on or about January 14, 2021. *See* Return of Service and Summons, attached as **Exhibit "B."**

3. Within the Complaint, Plaintiff alleges negligence against Target because of injuries Plaintiff allegedly suffered on August 10, 2018, after an alleged slip and fall at a Target

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

store located at 8350 S. Dixie Highway in Miami, Florida ("subject location"). *See* **Exhibit "A"** at ¶¶ 2-29.

4. Specifically, Plaintiff alleges that while a customer at the subject location on August 10, 2018, she slipped and fell on a "slippery substance" due to Target's negligent failure to maintain its premises in a reasonably safe condition, correct a dangerous condition, and warn Plaintiff as to the existence of a dangerous condition. *Id.* at ¶¶ 26-29.

5. The Complaint generally alleges this is an action for damages in excess of $30,000.00 and therefore, meets the minimum state circuit court jurisdictional requirement. *Id.* at ¶ 1.

6. Further, the Complaint alleges that as a result of Plaintiff's fall, she "suffered injuries and damages." *Id.* at ¶¶ 26-28.

7. Plaintiff readily concedes within the Complaint that she "resides in Miami-Dade County, Florida," *Id.* at ¶ 3. Plaintiff's allegation that she resides in Florida is confirmed by her medical records for the medical treatment she allegedly received as a result of the August 10, 2018 incident. Copies of said documents showing Plaintiff's Florida citizenship are attached as Composite **Exhibit "C."**

8. Target is a foreign corporation organized and existing under the laws of the State of Minnesota. Target maintains its principal place of business in Minneapolis, Minnesota. *See* 2020 Annual Report and Florida Department of State, Division of Corporations Entity Detail attached as Composite **Exhibit "D."**

9. On or about May 26, 2020, prior to filing the instant lawsuit, Plaintiff, through her attorney, submitted a "Time Limit Demand for Settlement Purposes Only" ("Demand Letter") that sought One Hundred and Twenty-Five Thousand dollars ($125,000.00) for the reasonable

2

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

settlement of Plaintiff's claims for bodily injury, impairment, damages, and losses. *See* Plaintiff's Demand Letter with information relating to injuries claimed, present and future medical bills and expenses, attached as composite **Exhibit "E."**

10. The Demand Letter asserts that Plaintiff sustained severe and permanent injuries that resulted from the alleged slip and fall. *See* **Ex. "E."** Specifically, according to the Demand Letter and the medical records, bills, and expenses provided in connection with same, Plaintiff was pregnant at the time of the alleged incident and suffered from vaginal bleeding, and injuries to her neck, lower back, and left knee. *Id.* It also asserts that Plaintiff incurred approximately $20,745.00 in past medical expenses and is expected to incur an additional $779,750.00 - $902,300.00 in expenses associated with future medical care and treatment as a result of injuries sustained as a result of the alleged slip and fall. *Id.; see also* Dr. Thomas F. Roush's April 23, 2020 Medical Record outlining future care costs, attached as **Exhibit "F."**

11. In addition to Plaintiff's current and future medical expenses, the Demand Letter expressly states that Plaintiff is seeking compensation for paste and future pain and suffering. *Id.*

12. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and costs.

13. As part of this Notice of Removal, Target has attached a copy of the verified returned service of process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, together with the docket sheet from the Clerk of the Court. *See* State Court Filings, attached as **Exhibit "F."**

14. As part of this Notice of Removal, Target has attached a copy of the verified returned service of process, pleadings, and other papers filed in the Eleventh Judicial Circuit Court

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

in and for Miami-Dade County, Florida, together with the docket sheet from the Clerk of the Court. See State Court Filings, attached as **Exhibit "G."**

15. Target reserves the right to raise all defenses and objections in this action after the action is removed in this Court.

## II.   REMOVAL IS TIMELY

16. In accordance with 28 U.S.C. § 1446(b)(1), Target files this Notice of Removal within the requisite thirty (30) days from the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on January 14, 2021, which is when Plaintiff served her Summons and Complaint upon Target. *See* **Ex. "B."**

17. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the Eleventh Judicial Circuit Court in and for Miami-Dade County is located in Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

## III.   THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1) because Plaintiff is a citizen of Miami, Florida and Target is a citizen of Minneapolis, Minnesota.

A. **Citizenship of Defendant, Target Corporation:**

19. Target is a foreign for profit corporation organized under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* Composite **Ex. "D."** Target is

4

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

therefore a citizen of the State of Minnesota for purposes of diversity jurisdiction, which is the state of its incorporation and principal place of business. At no time material to this lawsuit has Target been a citizen of Florida.

### B. Citizenship of Plaintiff, Cleore Beauvarlet:

20. At all times material to this action, Plaintiff "reside[d] in Miami-Dade County, Florida." *See* **Ex. "A"** at ¶ 3 Although Plaintiff's Complaint does not expressly use the word "citizenship" "[i]t is well established that a party's *residence* is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

21. Here, Plaintiff unequivocally alleges she is a resident of Miami-Dade County, Florida. *See* **Ex. "A"** at ¶ 3. As such, Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

22. In addition to the allegations of residency in her Complaint, Plaintiff's medical records and bills that identify Plaintiff's address as being in Miami, Florida, further establishes Plaintiff's Miami-Dade County domicile which evidences her citizenship in Florida. *See* **Ex. "C**."

### IV. AMOUNT IN CONTROVERSY

23. The amount in controversy in this lawsuit clearly exceeds $75,000.00.

24. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court circuit court jurisdictional minimum in excess of $30,000.00, it is clear from Plaintiff's Demand Letter and Dr. Thomas F. Roush's April 23, 2020 medical record that Plaintiff's claimed damages exceed the jurisdictional minimum for this Court of $75,000.00. *See*

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Katz*, 2009 U.S. Dist. LEXIS 51705, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *Black v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 4340281 (S.D. Fla. Oct. 22, 2010) (finding amount in controversy exceeded $75,000 based on medical cost estimations in pre-suit demand package); *Castellanos v. Target Corp.*, 10-62456-CIV, 2011 WL 384292, at *3 (S.D. Fla. Feb. 3, 2011) (holding that plaintiff's pre-suit demand letter established by a preponderance of the evidence that the amount in controversy exceeded the $75,000 jurisdictional amount). *See* **Ex. E & Ex. F.**

25. In Plaintiff's Demand Letter, she outlines her past and future medical treatment and expenses as it relates to the subject-incident and injuries she claims to have sustained for same. First, Plaintiff claims to have incurred medical expenses as a result of being transported and cared for in the hospital on the date of the subject-incident. Second, Plaintiff claims she has incurred medical expenses for post-incident medical treatment, which involved MRIs and conservative physical therapy. Lastly, according to the Demand Letter and Dr. Thomas F. Roush's <u>April 23, 2020</u> letter supporting same, Plaintiff maintains that she will require continued medical over her fifty-seven year life expectancy including trigger point injections, cervical and lumbar rhizotomies, physical therapy, and various diagnostic testing. Given the nature and extent of Dr. Thomas F. Roush's future medical care plan for Plaintiff and her estimated life expectancy of an additional fifty-seven years, Plaintiff's future medical treatment, which appears reasonable given her claimed injuries, is estimated to cost anywhere from $779,750.00 to $902,300.00. *See* **Ex. E & Ex. F.**

26. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer*

6

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

27. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)); *see, e.g.*, *Monserrate v. Target Corp.*, No. 13-23703-CIV, 2014 WL 11881021, at *2 (S.D. Fla. Apr. 7, 2014) (noting that "pre-suit materials can support removal....").

*28.* "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

29. Notably, according to Plaintiff's May 26, 2020 Demand Letter and the medical records, bills, and expenses provided to Target in connection with same, Plaintiff expressly claims that the injuries to her neck, lower back, and left knee have caused her to incur $20,475.00 in medical expenses. *See* **Ex. "E."** Moreover, Dr. Thomas F. Roush's April 23, 2020 Medical Record clearly estimates future care costs will amount to an additional $779,750.00 to $902,300.00. *See* **Ex. "F."** In addition to Plaintiff's past and future medical expenses, the Demand Letter expressly states that Plaintiff is seeking additional compensation for pain and suffering. *See* **Ex. "E."**

30. Therefore, the demand letter and the Plaintiff's medical records and bills conclusively establishes that the amount in controversy in this case exceeds the $75,000.00 jurisdictional minimum. Similar to the instant case, in *Katz*, the Court specifically noted it was

7

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because it was based on medical records provided by plaintiff that referenced anticipated future required medical care. *Katz v. J.C. Penney Corp.*, 2009 WL 1532129 at *4.

31. It is settled in this District that a detailed pre-suit demand that provides specific information to support the plaintiff's claim for damages is entitled to more weight than a demand based on puffing and posturing. *Moses v. Home Depot U.S.A., Inc.*, No. 13-60546-CIV, 2013 U.S. Dist. LEXIS 191441, at *5-*6 (S.D. Fla. June 19, 2013); *Roberts v. Victoria's Secret Stores, LLC*, NO. 18-61534, 2018 U.S. Dist. LEXIS 135404, at *6-*7 (S.D. Fla. Aug. 9, 2018); *Galano v. Target Corp.*, No. 1:17-cv-20439, 2017 U.S. Dist. LEXIS 188075 (S.D. Fla. Nov. 13, 2017).

32. Supporting information and documentation serves as evidence that a demand letter is an honest assessment of damages. *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 U.S. Dist. LEXIS 96399, at *4 (S.D. Fla. Sept. 14, 2010) (finding that a detailed pre-suit demand letter that enumerated the extent of the alleged injuries, the plaintiff's treating physicians, and the medical care received from each of those physicians could be considered reliable evidence that damages would exceed $75,000.00).

33. In *Moses*, the plaintiff alleged injuries after a box fell on him while at a Home Depot Store. *Moses*, 2013 U.S. Dist. LEXIS at *1. Prior to filing his complaint, the plaintiff sent the plaintiff a demand letter seeking $255,000.00 for "past and future medical and hospital expenses, loss of earning capacity, future loss of earning capacity, his pain and suffering, permanent injuries and all other damages duly recoverable." *Id* at *2. The pre-suit demand also described the severity of the alleged injuries, the effects that the injuries have had on plaintiff, the treatment obtained, the names of treating physicians, and the future treatment required. *Id*. The plaintiff also enclosed medical reports "and a table showing the medical expenses already incurred in the amount of

8

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

$14,270.90." *Id*. The court denied the plaintiff's motion to remand finding "the damages claim found in the pre-suit demand letters, combined with the severity of [the] Plaintiff's injuries, his doctors' opinions that [the] Plaintiff will require surgery" show that the amount in controversy exceeds the jurisdictional minimum. *Id.* at *9-*10.

34. In this case, after careful consideration of Plaintiff's claimed injuries and past and future medical treatment, it appears Plaintiff's May 26, 2020 settlement demand for $125,000.00, is a reasonable valuation for the alleged bodily injuries, impairments, damages, and losses Plaintiff suffered as a result of the August 10, 2018 incident. *See* **Ex. "E"** & **Ex. "F."**

35. Plaintiff's Demand Letter*, which describes the severity of her alleged injuries, the effects the alleged injuries have on her life, treatment obtained, the names of treating physicians, and the future treatment required*, appears to be an honest and reasonable assessment of her claimed present and future damages as it was based on her physicians' recommendations and estimated costs for future care. *See* **Ex. "E."**

36. In addition to a general reference of medical expenses and damages incurred as forth within the Demand Letter and Complaint, Plaintiff clearly states that she intends to seek non-economic damages to compensate her for past and future pain and suffering because of the August 10, 2018 incident. *See* **Ex. "E."**

37. The evidence provided above clearly demonstrates Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Target has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

9

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## V.     CONCLUSION

Because the parties are citizens of different states, and because the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Upon filing of this Notice of Removal, Target will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, TARGET CORPORATION, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-027536-CA-01, be removed to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Target is entitled.

**Dated: February 11, 2021**

                                            Respectfully Submitted,

                                            /s/ Schuyler A. Smith
Schuyler A. Smith, Esq.
Florida Bar No. 70710
ssmith@hamiltonmillerlaw.com
Alexa C. Bontkowski, Esq.
Florida Bar No. 124612
abontkowski@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Attorneys Target Corporation***

10

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 11, 202119, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

                         Respectfully Submitted,

                         /s/ *Schuyler A. Smith*
                         Schuyler A. Smith, Esq.

## SERVICE LIST

*Counsel for Plaintiff*
Karel Remudo, Esq.
REMUDO LAW FIRM
782 NW LeJeune Road, Suite 530
Miami, FL, 33126
Telephone: (305) 423-6203
Facsimile: (305) 459-1819
courtdocuments@remudolaw.com

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690