Filing # 118904975 E-Filed 12/30/2020 03:53:19 PM

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION·

CASE NO.:

CLEORE BEAUVARLET, individually,

    Plaintiff,

vs.

TARGET CORPORATION,
a foreign profit corporation,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CLEORE BEAUVARLET ("Plaintiff") by and through undersigned counsel, sues

Defendant, TARGET CORPORATION, a foreign profit corporation ("Defendant" or "TARGET")

and alleges as follows:

### JURISDICTIONAL & GENERAL ALLEGATIONS

1.      This is an action for damages in excess of $30,000.00, exclusive of attorney's fees

and costs, and thus falls within the jurisdiction of this court.

2.      This action is to recover for personal injuries and damages suffered by Plaintiff on

or about August 10, 2018, when, as a direct and proximate cause of Defendant's negligence,

Plaintiff slipped and fell at a property occupied by a Target at Dadeland Station store and located

at or near 8350 S. Dixie Hwy, Miami, FL 33143 (the "Store") which was owned, occupied,

operated, controlled and/or managed by Defendant Target.

3.      Plaintiff is *sui juris* and resides in Miami-Dade County, Florida.

4.      Defendant TARGET is a Foreign limited liability company which at all material

and relevant times has conducted and conducts business in Miami-Dade County, Florida.

5.   Venue is proper in Miami-Dade County Florida, because the incident that is the subject matter of this case occurred in Miami-Dade County, Florida, the subject property and Store where the incident occurred are located in Miami-Dade County, and Defendant conducted and conducts business in Miami-Dade County, Florida.

6.   At all material and relevant times, including the date of the incident on August 10, 2018, Defendant TARGET has owned, managed, occupied, operated and/or controlled the subject Store where the incident occurred.

7.   At all material and relevant times, including the date of the incident, TARGET has operated its retail Store at the subject property where the incident occurred.

8.   On or about August 10, 2018, the Plaintiff was an invitee legally present at the Store.

9.   Plaintiff was allowed to enter and remain on the Store for a purpose directly or indirectly related to Defendant's business dealings at the Store and/or Defendant's ownership and occupancy interest on the property and the Store.

10.   At all material and relevant times, including the date of the incident, TARGET invited members of the public like Plaintiff to enter and shop at its store.

11.   At all material and relevant times, including the date of the incident, TARGET placed merchandise and promotional sales signs at eye level on the various shelves and displays of its Store with the objective of attracting customer's attention to its merchandise and increase sales and profits.

12.   At all material and relevant times, TARGET knew or should have known that the placement of merchandise and promotional sale signs at eye level on the various shelves and displays of its Store attracted the customer's attention.

13.     TARGET also knew or should have known that the placement of merchandise and sale and promotional signs and items at eye level on the various shelves and display of its Store distracted customers and kept customers' attention away from tripping hazards, slipping hazards and other dangerous conditions on the floors and customer transit areas of its Store.

14.     At all material and relevant times, TARGET owed a duty to maintain proper safety policies and adequate personnel in order to keep the floors and customer transit areas of its Store reasonably safe and free of hazards and dangerous condition that could endanger the safety of customers, while they shop at the Store where TARGET placed merchandise and promotional and sale signs and items at eye level to increase sales and profits.

15.     At all material and relevant times, Defendant as the owner and/or entity in control of the property operating its retail Store out of the property owed a non-delegable duty of care to maintain the Store in a reasonably safe condition.

16.     Defendant TARGET as the entity that owned, managed and/or controlled the Store owed a duty of care to business invitees like Plaintiff to inspect, maintain and/or repair the Store and to keep it free of hazards and dangerous conditions.

17.     At all material and relevant times, Defendant TARGET owed a duty to use reasonable care in the inspection, maintenance, repair and the performance of cleaning, organizational and housekeeping services at the Store for the safety of business invitees like Plaintiff.

18.     At all material and relevant times, Defendant TARGET owed a duty of care to business invitees like Plaintiff to keep the floors and customer transit areas of the Store clean and free of objects or substances that could create dangerous conditions for business invitees like Plaintiff.

19.     At all material and relevant times, Defendant allowed transitory substances to

exist and remain in the floor on the customer transit area of the Store and created dangerous conditions and/or allowed dangerous condition to exist on the Store for a sufficiently long period of time.

20.     At all material and relevant times, Defendant failed to maintain proper safety policies and failed to have adequate personnel to keep the floors and customer transit areas of its store reasonably safe and free of hazards and dangerous condition.

21.     Defendant failed to inspect, repair or remediate the dangerous condition existing on the Store.

22.     Defendant did not take proper actions to remove or remediate the dangerous conditions existing at the Store in a timely fashion.

23.     Defendant failed to take actions to warn of the hazard or dangerous conditions existing on the Store.

24.     Defendant failed to warn business invitees like Plaintiff about dangerous conditions that Defendant knew, or should have known through the use of ordinary care, existed on the Store.

25.     At all material and relevant times, based on the totality of the circumstances created by the Defendant's negligence, Defendant created or allowed certain dangerous conditions to exist at the Store, which placed business invitees, like Plaintiff, within a zone of risk, and proximately caused damages to Plaintiff.

26.     On or about August 10, 2018, Plaintiff was a business invitee shopping at Defendant's retail Store, when Plaintiff slipped and fell on a slippery substance that Defendant negligently allowed to exist and/or remain on the floor of the Store for a sufficiently long period of time without warnings, and Plaintiff suffered injuries and damages.

27. As a direct and proximate cause of the dangerous conditions that Defendant created and/or allowed to exist on the Store without warnings, Plaintiff suffered injuries and damages.

28. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries and damages for which Plaintiff is entitled to collect from Defendant.

29. All conditions precedent to the filing of this action have been performed, satisfied, excused, waived or performance of same will be futile.

## COUNT I
## NEGLIGENCE

Plaintiff re-alleges the aforesaid general and jurisdictional allegations and also alleges in this negligence Count against Defendant as follows:

30. At all material and relevant times, Defendant owned, managed and/or controlled the property and the retail Store Defendant operated out of the property where the subject incident occurred.

31. At all material and relevant times, Defendant owed a non-delegable duty of care to business invitees like Plaintiff to inspect, maintain and repair the Store, and to otherwise keep the Store free of hazards or dangerous conditions.

32. Defendant TARGET owed a duty of care to business invitees like Plaintiff to keep the floors of the Store clean and free of foreign substances or objects that could create dangerous conditions for business invitees.

33. At all material and relevant times, including the date of the incident on or about August 10, 2018, Defendant negligently allowed foreign objects or substances to exist and/or remain on the floor of the Store for a sufficiently long period of time without warnings, and created dangerous conditions for business invitee like Plaintiff.

34.     At all material and relevant times, TARGET had actual or constructive notice of the foreign objects or substances TARGET allowed to exist and/or remain on the floor of the Store for a sufficiently long period of time without warnings, which created dangerous conditions for business invitee like Plaintiff.

35.     Under the authority of *Etheredge v. Walt Disney World Co.*  999 So.2d 669 (Fla. 5th DCA, 2008) and *Markowitz v. Helen Homes of Kendall Corp.*, 826 So.2d 256 (Fla. 2002), Defendant's duty to exercise reasonable care also included taking actions to reduce, minimize, or eliminate foreseeable risks before the risks manifested themselves as particular dangerous conditions on the premises.

36.     Defendant also owed a duty to give business invitees like Plaintiff timely notice and warning of dangerous conditions existing in the Store.

37.     Defendant breached its duty of care by one or more of the following acts or omissions:

     a.  Placing foreign and/or transitory substances on its floor creating a dangerous condition;

     b.  Allowing foreign and/or transitory substances to exist and remain on its floor for a sufficiently long period of time creating a dangerous condition;

     c.  Failing to timely and properly clean and/or remove foreign and/or transitory substances from the floor of the Store resulting in dangerous conditions;

     d.  Negligently creating dangerous conditions in the Store;

     e.  Negligently allowing dangerous conditions to be created at the Store while it managed and operated the Store;

     f.  Operating or conducting business dealings at the Store in a manner that created a dangerous condition;

     g.  Failing to take actions to reduce, minimize, or eliminate foreseeable risks before they manifested themselves as particular dangerous conditions on the Store;

     h.  Failing to maintain proper safety policies for the safety of business invitees like Plaintiff;

    i. Failing to take adequate personnel to keep the floors and customer transit areas of its store reasonably safe and free of hazards and dangerous condition;

    j. Failing to supervise the work of personnel hired by Defendant to work on the Store, so as to keep the Store in a reasonably safe condition;

    k. Failing to inspect, maintain, repair or remediate dangerous conditions existing on the Store;

    l. Failing to maintain the Store in a reasonably safe condition for the safety of invitees; and

    m. Failing to give timely warning to business invitees like Plaintiff of dangerous conditions Defendant knew or should have known through the exercise of reasonable care, existed on the Store.

38.    Defendant acted negligently by failing to exercise reasonable care in the ownership, maintenance, inspection, repair, warning, and/or mode of operation of the Store.

39.    Defendant had noticed, knew, or should have known about the hazard or dangerous condition on the Store and Defendant failed to take any actions to remove or remediate the hazard or dangerous condition.

40.    Defendant failed to warn Plaintiff of dangerous conditions that Defendant knew or should have known through the exercise of reasonable care existed in the Store.

41.    The totality of the circumstances existing at Defendant's Store as a result of Defendant's negligence was such that Defendant placed Plaintiff within a zone of danger, which proximately caused Plaintiff's injuries and damages.

42.    As a direct and proximate result of Defendant's breach of duty of care, Plaintiff suffered severe and permanent injuries and damages.

43.    As a direct and proximate result of Defendant's negligence, the Plaintiff suffered severe and permanent injuries and damages.

44.    Plaintiff is entitled to collect from Defendant for the injuries and damages suffered by Plaintiff as a direct and proximate result of Defendant's negligence.

**WHEREFORE,** the Plaintiff demands judgment for damages against Defendant TARGET, plus cost of this suit.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and counts triable by Jury as a matter of right.

Dated this 30th day of December, 2020.

Respectfully submitted,

**REMUDO LAW FIRM**
782 NW LeJeune Road, Suite 530
Miami, Florida 33126
Telephone No.: (305) 423-6203
Facsimile No. : (305) 459-1819
CourtDocuments@remudolaw.com

By: /s/ Karel Remudo, Esq.
   **Karel Remudo, Esq.**
   Florida Bar No. 36391